UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE TILE, MARBLE, AND TERRAZZO INDUSTRY INSURANCE FUND; TILE, MARBLE, AND TERRAZZO INDUSTRY PENSION FUND, ET AL., <br><br> Plaintiffs, <br> v. <br><br> LIVONIA TILE & MARBLE, INC. AND RONALD E. MCKENDRICK, <br><br> Defendants. _____/ | Case No. 16-14219 <br><br> SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW <br><br> U.S. MAGISTRATE JUDGE R. STEVEN WHALEN |

**ORDER REGARDING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [14] AND CLOSING CASE**

Plaintiffs, a collection of jointly trusteed funds in the Tile, Marble, and Terrazzo industry (collectively "the Funds"), established under and administered pursuant to provisions of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, filed a Complaint [Dkt. 1] on December 2, 2016 against Defendants Livonia Tile & Marble, Inc. ("LTM") and Ronald E. McKendrick. Plaintiffs allege a violation of ERISA and Collective Bargaining Agreements ("CBA") under 29 U.S.C. § 1145; violation of Michigan Building Contract Fund Act, M.C.L. § 570.151, *et seq.*; breach of fiduciary duties under 29 U.S.C. §§ 1145, 1104, and 1109; and state and common law conversion. Plaintiffs seek, among

other things, entry of judgment in the amount of $14,725.76 (a combination of delinquent fringe benefit contributions and liquidated damages); an order directing Defendants to produce the books and records of LTM for the updated audit period of July 2015 through the present; and a judgment against Defendants for all amounts found owing by such updated audit.[1] Since the commencement of this lawsuit, the above-named defendants have not retained counsel; no Notice of Appearance by an attorney has been filed on behalf of these Defendants, nor have they attempted to participate in the proceedings in any way.

On June 16, 2017, the Court entered an Order for Plaintiffs to Show Cause [8] why the case should not be dismissed for a failure to prosecute. Plaintiffs timely responded on June 29, 2017 [9]. Plaintiffs informed the Court that although the parties attempted to resolve the matter informally, settlement discussions were ultimately unsuccessful. Plaintiffs thereafter filed a request for Clerk's Entry of Default as to all Defendants [10], which was entered on June 29, 2017 [11-12]. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown

---

[1] Plaintiffs also seek interest, at a rate of 12% per year from the due date of the contributions, on all delinquent contribution amounts; liquidated damages at the rate of 10% of all delinquent amounts pursuant to Plaintiffs' resolutions, policies, procedures, and the provisions of the parties' CBA; and accumulated interest, court costs, costs of the audit, and attorney fees pursuant to 29 U.S.C. § 1132(g)(2).

by affidavit or otherwise, the clerk must enter the party's default."). Plaintiffs subsequently filed this Motion for Default Judgment [14] on July 21, 2017.

Plaintiffs are entitled to default judgment against the Defendants. Generally, "[u]pon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true." *IBEW Local 648 Pension Plan v. Butler County Elec.*, 2011 WL 3652487, at *3 (S.D. Ohio July 22, 2011); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

Accepting as true the facts set forth in the complaint, Defendants violated their contractual and statutory obligations by failing to make fringe benefit contributions and assessments due on behalf of all employees covered under the CBA. LTM also used the funds intended for fringe benefit contributions for purposes other than to pay the amounts owed to the Funds and their participants. In addition, Defendant McKendrick breached his fiduciary duties by failing to act solely in the interests of the participants. He also fraudulently and purposefully avoided paying required fringe benefit contributions to the Funds by converting monies paid to LTM for his personal use and/or use by LTM. Because of Defendants' failures, Plaintiffs have suffered significant financial losses.

Defendants have failed to plead or otherwise defend on Plaintiffs' claims and are therefore liable on each count set forth in the complaint. Under ERISA, if

judgment is awarded in favor of a plan in a suit brought on behalf of the plan pursuant to 29 U.S.C. § 1145, the Court shall award the plan –

- (A) the unpaid contributions,
- (B) interest on the unpaid contributions,
- (C) an amount equal to the greater of –
  - (i) interest on the unpaid contributions, or
  - (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
- (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
- (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

"[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2).

Plaintiffs seek the following relief:

- Entry of Judgment against Defendants for unpaid fringe benefit contributions in the amount of $10,254.45, and liquidated damages in the amount of $4,471.31, for the period between April 2010 through June 2015;
- An Order directing Defendants to produce, within 30 days of the Court granting this motion, the books and records of Defendant LTM for the updated audit period of July 2015 through the present;
- Entry of Judgment against Defendants, jointly and severally, for all amounts found owing by such updated audit, as well as interest, at a rate of 12% per year from the date of the contributions, along with liquidated damages, the costs of the audit, attorney fees, costs, and other collection costs, and any other relief the Court deems just and equitable pursuant to 29 U.S.C. § 1132(g)(2);

- An Order directing Defendants to comply with all terms and conditions of the CBA with the Bricklayers and Allied Craft Workers Local No. 1 (now Local No. 2); and
- Retain jurisdiction of this case pending compliance with all court orders.

Plaintiff have submitted to the Court a May 25, 2016 letter from Fund Auditor Kem Whatley, which indicates as follows the various amounts owed to the Funds, as well as resulting liquidated damages, between April 2010 and June 2015:

| **Audit Time Period** | 04/10 – 06/15 |
|---|---|
| **Fund** | **Amt. Owed** |
| Health Care | $3,393.20 |
| Vacation | $998.00 |
| Apprentice | $59.88 |
| Promotion | $74.85 |
| Dues | $703.59 |
| Sub Fund | $0.00 |
| Intl Pension | $3,253.48 |
| Intl PPA | $489.02 |
| Annuity | $748.50 |
| IMI | $294.41 |
| Intl Dues | $239.52 |
| Sub Total | $10,254.45 |

| | |
|---|---|
| Liquidated damages resulting from this audit – Local Funds | $104.59 |
| Liquidated damages resulting from this audit – International Funds | $907.18 |
| Liquidated damages resulting from late payments | $0.00 |
| Liquidated damages resulting from interest | $3,459.54 |
| | $14,725.76 |

(Pls.' Compl. Ex. 6 at Pg. ID 165).

Plaintiff have also submitted a chart illustrating the individual breakdown covering the contributions due and owing the Funds. *See id.* at Pg. ID 166. Having reviewed these documents, the Court now finds that it is appropriate to enter

judgment in favor of Plaintiffs and against Defendants. Plaintiffs shall be awarded $10,254.45 for unpaid fringe benefit contributions, in addition to $4,471.31 for liquidated damages, for the period between April 2010 through June 2015.

ERISA provides for an award of "reasonable attorney's fees and costs of the action, to be paid by the defendant [and] such other legal or equitable relief as the court deems appropriate," if judgment is awarded in favor of the plan. 29 U.S.C. § 1132(g)(2)(D) and (E). Although Plaintiffs are entitled to attorney's fees, the Court cannot award such fees at this time because Plaintiff have not provided the Court with an affidavit or any other documentation to establish the time spent on this case, counsel's hourly rate, and/or the amount of costs and fees incurred. In support of their claim for attorney's fees, Plaintiffs "should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

An award of audit fees is also proper under ERISA. *See Operating Engineers Local 324 Health Care Plan v. Dalessandro Contracting Group, LLC*, No. 10-11256, 2012 WL 4513594, at *3 (E.D. Mich. Oct. 2, 2012) (citing *Local Union No. 33 Trustees of Sheet Metal Workers' Akron Dist. Pension Fund v. Map Heating & Cooling*, LLC, 2010 WL 1995654, at *6-7 (N.D. Ohio May 19, 2010)). It is the Court's understanding that Plaintiffs intend to complete an updated audit upon receipt of Defendants' books and records for the period of July 2015 through

the present. Since that is the case, and because there is no information in the record regarding the revised audit results, the Court cannot award audit fees at this time. *See Trustees of Mich. Regional Council of Carpenters' Employee Benefits Fund v. Davmar, Inc.*, 2006 WL 467910, at *2 (E.D. Mich. Feb. 27, 2006) (denying without prejudice plaintiffs' attempt to recover audit fees where they failed "to provide the Court with any supporting documentation showing what costs were incurred."). The Court will reconsider Plaintiffs' request following the updated audit.

In sum, the Court finds that Plaintiffs have established their right to default judgment. At this time, the Court will enter judgment against Defendants in the amount of $14,725.76. Plaintiffs may file the appropriate motion for attorney's fees and audit fees following the updated audit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment in the amount of $14,725.76 is entered in favor of Plaintiffs and against Defendants. This amount is subject to change pending the results of the updated audit and any documentation submitted by Plaintiffs in support of their request for attorney's fees.

**IT IS FURTHER ORDERED** that if Plaintiffs wish to recover for attorney's fees and costs and audit fees, Plaintiffs will submit a petition, properly supported by affidavits, billing records, and any other appropriate documentation, following the updated audit.

**IT IS FURTHER ORDERED** that, within 30 days of the entry of this Order, Defendants are directed to produce the books and records of Livonia Tile & Marble, Inc. for the updated audit period of June 2015 through the present.

**IT IS FURTHER ORDERED** that Defendants shall comply with all the terms and conditions of the CBA with the Bricklayers and Allied Craft Workers Local No. 1 (now Local No. 2).

**IT IS FURTHER ORDERED** that this case is closed.

**SO ORDERED**.

Dated: September 18, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge